### EPSTEIN COAL CO. v. SOLVINSKY.

#### (Supreme Court, Appellate Term. May 15, 1908.)

1. EVIDENCE—SPECULATIVE EVIDENCE.

On an issue of shortage in the weight of coal, evidence by the janitor that for the same period, with the same furnace, the same number of ten-ants, the same heating apparatus, and the same amount of steam, 25 tons of coal a week were used, as against 20 tons the previous year, was inadmissible, as being of the most speculative character.

2. SAME—CONCLUSIONS OF WITNESS.

On an issue of shortage in the weight of coal, evidence by the janitor that the same amount of steam was used during each of two years, com-pared as to the amount of coal required, was a mere conclusion of the witness.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 2149–2185.]

3. SAME.

On an issue of shortage in the weight of coal, though the fact that two tons weighed by the inspector of weights showed a shortage might raise a suspicion that coal theretofore delivered was also short in weight, it is far from legal proof of that fact.

Appeal from Municipal Court, Borough of Manhattan, Fourth Dis-trict.

Action by the Epstein Coal Company against Solomon Solvinsky. From a judgment in its favor, plaintiff appeals. Reversed, unless de-fendant stipulate to a modification of the judgment, in which event the judgment, as modified, is to be affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Samuel D. Matthews, for appellant.
Meyer Greenberg, for respondent.

GREENBAUM, J. There is no legal basis for allowing the sec-ond counterclaim. Manifest error was committed in permitting testi-mony as to the probable amount of shortage in the receipt of 110 tons of coal, and for which payment had been made as for full weight.

The mere fact that a janitor testified that, for the same period during one year, the same furnace, the same number of tenants, the same heating apparatus, and the same amount of steam were in use as in the succeeding year, would not justify the conclusion that the use of 25 tons per week during the succeeding year as against 20 tons per week in the previous year is proof that the coal delivered at the later

date must have been short in weight. There are too many elements of uncertainty in the comparative conditions. The assertion that the same amount of steam was used during each of the two years is not founded upon any facts. It is a mere conclusion of the witness. To determine that fact it would be necessary to present accurate data of the steam pressure, taken at many different times each day during both periods, and even then the quantity of coal used in any given day must necessarily depend upon the temperature, the care taken in the management of the furnace and the steam-heating apparatus, the quantity of coal put into the furnace, the burning qualities of the coal, and doubtless many other conditions. The testimony was of the most speculative character and clearly inadmissible.

The circumstance that the two tons of coal weighed by the inspector of weights showed a shortage might raise a suspicion that coal theretofore delivered was also short in weight; but it is far from legal proof that such was the fact.

The evidence in support of the first counterclaim would be sufficient to uphold the finding of the court as to that claim, and if the respondent will stipulate to a modification of the judgment, by allowing the amount of plaintiff's claim, with interest, less the amount of the second counterclaim, to wit, $20, the judgment, as modified, will be affirmed, without costs in this court to either party; otherwise, it will be reversed, with costs to the appellant to abide the event. All concur.